IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF TEXAS
(CORPUS CHRISTI DIVISION)

| | | |
|---|---|---|
| **ACRISURE, LLC** | * * * | |
| **Plaintiff,** | * * * | **CIVIL ACTION NO. _____** |
| **vs.** | * * | |
| **CHRISTOPHER CHASE CARLISLE, FRANCES HARTUNG, KELLY PEDROTTI, KARINA CARLISLE, STEPHANIE NAVARRO, AND MELISA STECKER** | * * * * * | |
| **Defendants.** | * * | |

### ACRISURE, LLC'S ORIGINAL COMPLAINT AND APPLICATION FOR PRELIMINARY AND PERMANENT INJUNCTION

COMES NOW Plaintiff Acrisure, LLC ("Acrisure" or "Plaintiff"), through undersigned counsel, and files this Original Complaint and Application for Preliminary and Permanent Injunction against Defendants Christopher Chase Carlisle, Frances Hartung, Kelly Pedrotti, Karina Carlisle, Stephanie Navarro, and Melisa Stecker (collectively "Defendants"), and in support states as follows:

### I.   JURISDICTION AND VENUE

1.   This Court has jurisdiction over these proceedings pursuant to the provisions of 28 USC § 1332(a)(1) because there is complete diversity of citizenship between the parties to this action and the amount in controversy exceeds the sum of $75,000.00 exclusive of interest and costs.

1

2.     Venue is proper in this Court pursuant to 28 USC § 1391 because all or a substantial amount of the events or omissions giving rise to this claim occurred in this district and division.

## II. PARTIES

4.     Plaintiff, Acrisure, LLC, is a limited liability company organized and existing under the laws of the State of Michigan, all of whose members are citizens of the States of Michigan and Delaware, and having its principal place of business in the State of Michigan.

5.     Defendant, Christopher Chase Carlisle, is an individual residing in Texas, and may be served at 418 Cape Cod Dr. Corpus Christi, Texas 78412.

6.     Defendant, Frances Hartung, is an individual residing in Texas, and may be served at 405 Hazeltine Drive Portland, Texas 78374.

7.     Defendant, Kelly Pedrotti, is an individual residing in Texas, and may be served at 605 Coral Place Corpus Christi, Texas 78411.

8.     Defendant, Karina Carlisle, is an individual residing in Texas, and may be served at 418 Cape Cod Dr. Corpus Christi, Texas 78412.

9.     Defendant, Stephanie Navarro, is an individual residing in Texas, and may be served at 7910 Prax Morgan Pl Corpus Christi, Texas 78414.

10.     Defendant, Melisa Stecker, is an individual residing in Texas, and may be served at 6734 Northgate D. Corpus Christi, Texas 78413.

## III. FACTS

11.     Acrisure is a global fintech leader based in Grand Rapids, Michigan, with locations throughout the United States. Acrisure provides intelligence-driven financial services solutions across many industries, including the insurance brokerage industry, which is highly competitive. As part of its business, Acrisure spends significant time and money acquiring and developing its

customer relationships as well as its talent and employees who help Acrisure's customers address their unique needs and further their business relationship with Acrisure.

12.    On or about March 1, 2018, Acrisure acquired Carlisle Insurance Agency, Inc., pursuant to an Asset Purchase Agreement.

13.    Defendants worked for Acrisure in the following roles: (a) Christopher Carlisle-Client Advisor and Shareholder; (b) Frances Hartung- Enterprise Account Executive; (c) Kelly Pedrotti- Inside Sales; (d) Karina Carlisle- Sales or Service Enablement; (e) Stephanie Navarro-Supervisor, Operations; and (f) Melissa Stecker- Supervisor-Operations, Commercial, Large, General, Territory 1.

14.    Defendants' roles and responsibilities included, but were not limited to, fostering long-term relationships with customers through personalized service and expert product knowledge, close sales opportunities, interacting with customers, and selling products and services.

15.    In connection with their responsibilities, Defendants were entrusted with Acrisure's confidential and proprietary information to support their efforts on behalf of Acrisure.

16.    To supplement the common law protections afforded under federal and Texas law and to protect Acrisure's customer goodwill, confidential information, and other significant business interests, Acrisure also required Defendants to sign an "Employment Agreement with Acrisure" (hereinafter referred to as the "Agreements"). (Ex. A).

17.    The Agreements were executed in Texas and performed in Texas.  At the time of executing these Agreements, Defendants were Texas Employees of Acrisure.

18.    Among other obligations, pursuant to Section 10(a)(i) of the Agreements, Defendants agreed to refrain from: (1) directly or indirectly "[c]ontacting or engaging in any

3

communication with any [Acrisure and/or Affiliated Entity] customer from whom [you] had responsibility" and/or (b) directly or indirectly "contacting or engaging in any communications with any [Acrisure or Affiliated Entity,] customer or prospective [Acrisure or Affiliated Entity] customer about whom [you] obtained knowledge during employment with [Acrisure], to secure business competitive to the products and services offered by [Acrisure and/or Affiliated Entity]" for two (2) years after termination of employment. (Ex. A).

19.     Additionally, pursuant to Section 10(a)(ii), Defendants agreed to refrain from "[r]equesting, advising, or encouraging any customer of [Acrisure or Affiliated Entity] to terminate or curtail its relationship with [Acrisure or Affiliated Entity], or requesting or advising any person to refrain from becoming a customer of supplier of [Acrisure or Affiliated Entity]" for two (2) years after termination of employment with Acrisure. (Ex. A).

20.     Pursuant to Section 10(a)(iii), Defendants also agreed to refrain from "[r]equesting, advising, or encouraging any employee, agent representative or independent contractor of [Acrisure or Affiliated Entity], to terminate his, her, or its relationship with [Acrisure or Affiliated Entity] or requesting or advising any person, agent, or representative or independent contractor of [Acrisure or Affiliated Entity], or otherwise pursuing, employing or retaining (as an employee, an independent contractor or otherwise) any employee, agent, representative or independent contractor of the Company or of an Affiliated Entity without the written permission of [Acrisure]" for two (2) years after termination of employment with Acrisure.

21.     In executing the Agreements, Defendants explicitly acknowledged and agreed in Section 11 of the Agreements that the aforementioned restrictions are reasonable and necessary for the protection of Acrisure's business and interests and that any violations of these restrictions would cause substantial and irreparable injury to Acrisure. Defendants agreed that Acrisure would

4

be entitled to "preliminary and permanent injunctive relief to secure specific performance and to prevent a breach or contemplated breach" of the Agreements. (Ex. A).

22.     The Agreements also prohibited Defendants from directly or indirectly disclosing, furnishing, or making available Acrisure's Confidential Information (as defined in the Agreement) to anyone without Acrisure's prior written approval. Defendants further acknowledged and agreed that all Confidential Information that was disclosed or obtained by them during their employment with Acrisure remains Acrisure's property and cannot be used by them for any other purpose or in connection with any subsequent work or employment. (Ex. A).

23.     Defendants also agreed that, immediately upon termination of their employment, they would return to Acrisure, inter alia, "all client records of any sort," "all form diaries, [and] phone lists," "all documents containing customer lists, customer information, product information, pricing information," and "memoranda pertaining to [Acrisure's] business." (Ex. A).

24.     Pursuant to the Agreements, this Confidential Information includes all confidential information about Acrisure, including without limitation, information about Acrisure's operations, processes, procedures, trade secrets, agent lists, adjuster lists, rating techniques, rates, coverage, accounting rules, employee information, insurance companies, computer techniques, marketing techniques, advertising techniques, know-how, finances, business plans, costs, pricing, sales, customer lists, the needs and demands of customers, and vendor lists, including lists and contacts with insurance companies. (Ex. A.)

25.     By executing the Agreements, Defendants further acknowledged and agreed that Acrisure could specifically enforce the obligations under the Agreements and/or recover damages for a breach of the Agreements through "injunctive relief." (Ex. A.)

26.     Acrisure has spent considerable time, labor and money to research, develop and

maintain its confidential, proprietary and trade secret information, including but not limited to products, services and client information.

27.    Acrisure's trade secrets and confidential information are used in the operation of its business and provide it with advantages or the opportunity to gain advantages over those who do not know of or have use of such trade secrets and confidential information.

28.    Acrisure's trade secrets and confidential information are neither available to nor known by the general public.

29.    Acrisure has exercised due diligence to prevent its trade secrets and confidential and proprietary information from becoming available to persons other than those selected by Acrisure to have access to this information by engaging employees in confidentiality and non-compete agreements.    During their time with Acrisure, Defendants had access to confidential, proprietary and trade secret information of Acrisure, including access to their clients and potential clients.

30.    On or about April 1, 2026, Defendants resigned from their positions with Acrisure. Immediately following their resignation, Defendants began working in a similar capacity for Lockton Companies or one of its subsidiaries ("Lockton"), which is a company that directly competes with Acrisure.

31.    Defendants are still in possession of confidential and proprietary information belonging to Acrisure which they obtained during their employment with Acrisure. Thia includes (but is not limited to) information about Acrisure's operations, processes, procedures, trade secrets, agent lists, adjuster lists, rating techniques, rates, coverage, accounting rules, employee information, insurance companies, computer techniques, marketing techniques, advertising techniques, know-how, finances, business plans, costs, pricing, sales, customer lists, the needs and

demands of customers, and vendor lists, including lists and contacts with insurance companies.

32. Upon information and belief, Defendants have previously used and/or are continuing to use Acrisure's confidential and proprietary information in their new, similar position with Lockton to aid their efforts to solicit Acrisure's customers.

33. Upon information and belief, since joining Acrisure's direct competitor in April 2026, Defendants have directly and/or indirectly contacted and engaged in communications with Acrisure customers to secure business competitive to the products and services offered by Acrisure, and Defendants have requested, advised, and encouraged Acrisure customers to terminate their relationship with Acrisure.

34. Upon information and belief, Defendants are continuing to directly and/or indirectly engage in communications with and solicit Acrisure's customers and/or prospective customers about whom they retained confidential information from their employment with Acrisure, and are continuing to request, advise, and/or encourage Acrisure customers to terminate their relationship with Acrisure.

35. Since the Defendants' departure, Acrisure observed that several customers assigned to the Defendants during their employment with Acrisure have expressed their intent to leave Acrisure. At least three of those Acrisure customers were assigned to Christopher Carlisle prior to his resignation. Upon information and belief, these clients intend to make Lockton their Broker of Record.

36. Acrisure has sent cease and desist letters to Defendants. (Ex. B). Despite being aware of their obligations under the Agreements, Defendants continue to breach the Agreements. Defendants' actions have left Acrisure no choice but to bring this lawsuit.

## IV. CAUSES OF ACTION

### Breach of Contract (all defendants)

37.     Acrisure incorporates paragraphs 1 through 36 of this Complaint as if fully set forth herein.

38.     Defendants entered into valid, binding, and narrowly tailored non-solicitation and non-disclosure Agreements with Acrisure. Acrisure performed under the Agreements by sharing its confidential information with Defendants and abiding by the terms of the Agreements.

39.     Defendants have solicited Acrisure's customers to purchase products and services similar to those provided by Acrisure, in violation of the Agreements.

40.     Defendants are now employed by Lockton, an Acrisure competitor, in positions with similar responsibilities as those they held at Acrisure and are in a position where they have used Acrisure Confidential Information and it is inevitable that they will continue to solicit Acrisure's customers, in violation of the Agreements. Acrisure believes that Defendants discussed their plan to move to Lockton in advance of doing so and/or that one or more of Defendants solicited other Defendants to join them in violation of their Agreements.

41.     Plaintiff will show that the restrictive covenants at issue are ancillary to or part of an otherwise enforceable agreement. The limitations in these Agreements are reasonable as to time, geographic area, and scope of the restrained activity. The Agreements do not impose restraints on Defendants that are greater than necessary to protect Acrisure's interests.

42.     Defendants' actions constitute a breach of their obligations under the Agreements with Acrisure.

43.     All condition precedents (if any) to enforcement of Defendants' Agreement with Acrisure have been satisfied.

8

44.     Defendants' breaches of the written Agreements have caused and will continue to cause irreparable harm and damage to Acrisure unless immediately restrained from further breaches of the Agreements.

## V. APPLICATION FOR PRELIMINARY AND PERMANENT INJUNCTIONS

45.     Acrisure incorporates paragraphs 1-44 by reference as if set forth in full.

46.     Acrisure seeks injunctive relief against Defendants to restrain Defendants from the continued violations of the restrictive covenants set forth in the Agreements with Acrisure.

47.     Acrisure pleads for and requests a preliminary and permanent injunction against Defendants, as set forth below.

48.     Acrisure has demonstrated and will demonstrate in court a probable right to the relief it seeks against Defendants, by the facts stated in this pleading and evidence.

49.     Acrisure has shown and will show in court a probable right to the relief it seeks on final hearing.

50.     Acrisure has shown and will show in court that it will suffer a probable injury. Acrisure has shown and will show that the harm complained of is imminent, the injury would be immediate and irreparable, and Plaintiff has no other adequate remedy at law that can fully compensate it for its injuries caused by Defendants' unlawful conduct. Acrisure cannot be fully and adequately compensated in damages due to the loss of its clients and goodwill or by having its confidential information and trade secrets disclosed to one of its competitors by the Defendants' unlawful conduct. Defendants' breaches and continued breaches of the restrictive covenants of their Agreements are the epitome of irreparable injury according to Texas law.

51. No adequate remedy at law can fully compensate Acrisure for its losses incurred to date caused by Defendants' unlawful conduct and likely losses of clients and goodwill that will occur if Defendants are not enjoined, as requested herein.

52. Acrisure, as a result of Defendants' violations and continued violations of their contractual obligations, is entitled to and seek a preliminary and permanent injunction for a period of two (2) years following the date of the termination of Defendants' employment from Acrisure, to be extended by the number of days between the date of their breach and the date such breach is enjoined. Acrisure seeks injunctive relief as follows:

A. Prohibiting Defendants, whether alone or in concert with others, from directly or indirectly, soliciting, transferring, placing, marketing, accepting, aiding, counseling, consulting, handling, or providing insurance and/or benefit services for any account of Acrisure for which they performed such similar services during the two (2) years preceding their departure from Acrisure.

B. Prohibiting Defendants from requesting, advising, or encouraging any employee of Acrisure to terminate his, her, or its relationship with Acrisure or otherwise pursuing, employing or retaining any Acrisure employee for the next two (2) years preceding their departure from Acrisure.

C. Defendants agreed in their Agreements that Acrisure shall be entitled to equitable relief, including injunctive relief, to prevent any breaches of the Agreements.

D. Acrisure further requests that the Court set this case for a trial on the merits.

**PRAYER FOR RELIEF**

**WHEREFORE**, Acrisure respectfully requests this Court enter judgment in its favor and against Defendants. and award the following relief:

10

i.   Judgment in favor of Acrisure that Defendants breached their employment agreements with Acrisure;

ii.   Judgment in favor of Acrisure and render an award of actual, compensatory and consequential damages from Defendants in an amount to be proven at trial;

iii.   Issue a permanent injunction against Defendants;

iv.   Pre-judgment and post-judgment interest as provided by law;

v.   Reasonable and necessary attorneys' fees, costs, and expenses incurred in this action;

vi.   All such other and further relief, at law or in equity, to which Acrisure may be justly entitled.

DATED:    April 8, 2026

Respectfully Submitted,

**ADAMS & REESE, LLP**

By: _____/s/ Anam R. Fazli_____

**S. Craig Wilcox**
State Bar No. 00797665
Federal Bar No. 21177
**Matthew C. Guy**
State Bar No. 24050702
Federal Bar No. 622802
**Anam R. Fazli**
State Bar No. 24108599
Federal Bar No. 3850956
1221 McKinney, Suite 4400
Houston, Texas 77010
Telephone: (713) 652-5151
Facsimile: (713) 652-5152
craig.wilcox@arlaw.com
matthew.guy@arlaw.com
anam.fazli@arlaw.com

*Counsel for Acrisure, LLC*

11